

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Gary E. Miller, M.D.
Commissioner
Texas Department of Mental Health
   and Mental Retardation
P. O. Box 12668
Austin, Texas   78711

Opinion No. MW-526

Re:  Whether barber and beauty shops in Texas Department of Mental Health and Mental Retardation must be licensed under the Barber and Cosmetology Acts

Dear Dr. Miller:

You have requested our opinion as to whether barber and beauty shops located in facilities of the Department of Mental Health and Mental Retardation [hereinafter MHMR] must be licensed under the barber and cosmetology statutes. We presume that only licensed barbers and cosmetologists practice in such facilities. Section 2(a) of article 8407a, V.T.C.S., the Texas Barber Law, prohibits the practice of barbering by any person "unless duly licensed and registered in accordance with all laws of this state regulating the practice of barbering." Likewise, section 9(a) of article 8451a, V.T.C.S., the Cosmetology Regulatory Act, provides that no person may "perform any practice of cosmetology without first obtaining a license or certificate to perform that practice."

Section 3(a) of article 8407a states that "[n]o person may own, operate, or manage a barber shop without a barber shop permit issued by the board [of barber examiners]." Section 3(b) directs every "firm, corporation, or person who opens a new barber shop" to apply for a temporary barber shop permit and pay an inspection fee of $25.00. An annual renewal fee of $25.00 is also required. Section 19 of article 8451a specifies the requirements for obtaining a beauty shop license and also requires a license fee of $25.00.

It might be argued that neither statute contemplates that an MHMR facility must obtain a license to operate a barber or beauty shop. Section 19(d) of article 8451a provides, however:

> (d) In order that the public may fix responsibility for services, acts, or treatments performed by persons licensed by the State Board of Barber Examiners vis-a-vis those performed by

persons licensed by the Texas Cosmetology Commission, to promote the efficient and orderly administration of laws regulating barbers and the practice of barbering and the laws regulating cosmetologists and the practice of cosmetology, and to avoid confusion of the public as well as avoiding conflicts of jurisdiction between such board and commission which might impede effective administration or enforcement of the laws under their respective jurisdictions, from and after January 31, 1980:

(1) a person licensed by the barber board may practice barbering only at a location for which the board has issued a barber shop permit, barber school or college permit, or any other permit. If the State Board of Barber Examiners and the Texas Cosmetology Commission license the same facility, the board may not adopt rules restricting or prohibiting the practice by a Class A barber in the facility; and

(2) a person licensed by the cosmetology commission may practice cosmetology only at a location for which the commission has issued a beauty shop license, private beauty culture school license, or any other license. If the State Board of Barber Examiners and the Texas Cosmetology Commission license the same facility, the commission may not adopt rules restricting or prohibiting the practice by a cosmetologist in the facility.

Thus, the statute clearly indicates that licensed barbers and cosmetologists may practice their professions only in licensed facilities. Although both article 8407a, section 6, and article 8451a, section 39, exempt certain "persons" from the provisions of the two statutes, neither excepts persons who practice in state facilities, and neither provides any exception to the licensing of barber or beauty shops.

Furthermore, in Attorney General Opinion H-769 (1976), this office held that a person employed as a psychologist by a hospital licensed by MHMR is not thereby exempt from the licensing requirements of article 4512c, V.T.C.S., the Psychologists' Certification and Licensing Act. The opinion indicated that the lack of a specific statutory exception for MHMR facilities implies that psychologists employed therein are not exempt from the licensing requirements for psychologists. In our opinion, the absence of similar exceptions for

barber and beauty shops in MHMR facilities, together with the specific prohibition against the practice of barbering and cosmetology in unlicensed facilities, obliges us to conclude that barber/beauty shops located in MHMR facilities must be licensed under the barber and cosmetology statutes. Section 19 of article 8451a clearly contemplates dual licensing in any facility where both barbering and cosmetology are practiced.

## S U M M A R Y

Barber/beauty shops located in facilities of the Department of Mental Health and Mental Retardation are required to be licensed under the barber and cosmetology statutes, articles 8407a and 8451a, V.T.C.S.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood